FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2011 JAN 31 PM 3: 21
CLERK R. Au
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

NEALLY CUNNINGHAM,

    Plaintiff,

vs.

FEDERAL BUREAU OF PRISONS;
JOHNATHAN MEAD; KENDELL
SHAW; PATRICK MOORE; and
Mr. SLATER,

    Defendants.

CIVIL ACTION NO.: CV209-197

## MAGISTRATE JUDGE'S ORDER and REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a cause of action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The undersigned informed Plaintiff that the claims he set forth in his Complaint appeared to be unrelated and directed Plaintiff to advise the Court as to which related claims he wished to pursue. Plaintiff responded to that Order[1] and advised the Court that he does not wish to pursue his claims alleging events occurring on August 14 and October 26, 2009, or his right to due process and equal protection claims concerning a disciplinary hearing against Defendants Shaw and Slater (Claims 4, 5, and 6 of Plaintiff's original Complaint). Accordingly, these claims should be **DISMISSED**, without prejudice. Likewise, Defendant Slater should be **DISMISSED** as a named Defendant.

---

[1] Plaintiff responded to the undersigned's Order by filing a Motion to Amend and Supplement Pursuant to Federal Rules of Civil Procedure 15. Plaintiff's Motion (Doc. Nos. 11, 13) is **GRANTED**.

AO 72A
(Rev. 8/82)

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

2

AO 72A
(Rev. 8/82)

Plaintiff asserts that he complained to Defendants Kendall Shaw and Patrick Moore for two (2) months about concerns for his health, as his cellmate did not follow the medical unit's instruction that inmates shower daily. Plaintiff contends that Defendants Shaw and Moore did not resolve his complaints, so he told the Associate Warden about his complaints. Plaintiff also contends that Defendant Moore told him that he would be placed in a disciplinary cell for 90 days for going to the Associate Warden with his complaints. Plaintiff alleges that he filed an administrative remedy request about being placed in the disciplinary cell. Plaintiff also alleges that he was not moved back to a non-disciplinary cell, even though several cells became available. Plaintiff further alleges that he complained to the Associate Warden about not being moved, and Defendant Shaw told him that, because he spoke with the Associate Warden, he would remain in the disciplinary cell. Plaintiff contends that Defendants Johnathan Meade, Shaw, and Moore entered false information into the Bureau of Prison's ("BOP") computer system in an attempt to have Plaintiff transferred and to prevent Plaintiff from continuing with the grievance process. Plaintiff contends that the actions of Defendants Meade, Moore, and Shaw were retaliatory in nature, as Plaintiff accessed the grievance procedures and approached the Associate Warden about his complaints. Plaintiff asserts that he filed an Administrative Tort Claim with the BOP about these alleged events, and Defendant Shaw interfered with this process by investigating his claim, even though Defendant Shaw was a part of Plaintiff's claim, and by preventing Plaintiff from addressing the allegations of his tort claim. Plaintiff avers that Defendant Shaw's actions were made due to retaliation.

AO 72A
(Rev. 8/82)

A plaintiff states a cognizable claim for relief under Bivens if his complaint alleges facts showing that his rights, as secured by the Constitution and the laws of the United States, were violated. "To state a First Amendment claim for retaliation, a prisoner need not allege violation of a separate and distinct constitutional right." Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003) (internal citations omitted). Rather, "[t]he gist of a retaliation claim is that a prisoner is penalized for exercising" his constitutionally protected rights. See id. Plaintiff arguably sets forth retaliation claims against Defendants Shaw, Moore, and Meade.

Plaintiff attempts to assert that Defendants Meade, Shaw, and Moore violated his right to due process and failed to train and supervise. "The Due Process Clause protects against deprivations of 'life, liberty, or property without due process of law.'" Kirby v. Siegelman, 195 F. 3d 1285, 1290 (11th Cir. 1999) (quoting U.S. CONST. AMEND. XIV). The Supreme Court has identified two situations in which a prisoner can be deprived of liberty such that the protection of due process is required: (1) there is a change in the prisoner's conditions of confinement so severe that it essentially exceeds the sentence imposed by the court; and (2) the State has consistently given a benefit to prisoners, usually through a statute or administrative policy, and the deprivation of that benefit "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 1290-91 (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)). Plaintiff has not alleged any facts giving rise to a possible violation of his right to due process.

In addition, Plaintiff has not alleged any facts giving rise to a failure to train or supervise claim against these Defendants. Plaintiff has not shown that these

4

individually-named prison officials established a policy or custom (or that these officials even had the authority to do so) resulting in inadequate training or supervision (or that these Defendants trained or supervised other officials.). Williams v. DeKalb Co., 327 F. App'x 156, 160 (11th Cir. 2009) (finding that a claim alleging the failure to train or supervise can constitute a policy "sufficient to trigger. . . liability but only in limited circumstances, such as when that failure amounts to deliberate indifference to the rights" of inmates with whom prison officials come into contact.) (internal citation and punctuation omitted).

Finally, Plaintiff names the BOP as a Defendant. The proper defendants in a Bivens claim are the federal officers who allegedly violated the plaintiff's constitutional rights, not the federal agency which employs the officers. FDIC v. Meyer, 510 U.S. 471, 485-86 (1994). Thus, Plaintiff's claims against the Bureau of Prisons should be **dismissed**.

The above allegations, when read in the light most favorable to Plaintiff, arguably state claims under Bivens and 28 U.S.C. § 1915A against Defendants Shaw, Moore, and Meade. A copy of Plaintiff's Complaint, Documents Numbered 11 and 13, and a copy of this document shall be served upon Defendants Shaw, Moore, Meade, the Attorney General of the United States, and the United States Attorney for the Southern District of Georgia by the United States Marshal without prepayment of cost. Pursuant to Fed. R. Civ. P. 4(i), the United States Attorney for the Southern District of Georgia may be personally served or served by registered or certified mail addressed to the civil process clerk at the office of the United States Attorney. Pursuant to that same rule, service may be perfected on the United States Attorney General by registered or

certified mail. The answer of the Defendants shall be filed within sixty (60) days of receipt of such service. Fed. R. Civ. P. 12(a)(3)(B).

**INSTRUCTIONS TO DEFENDANTS**

Since the Plaintiff is authorized to proceed in forma pauperis, service must be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(2). In most cases, the marshal will first mail a copy of the complaint to the Defendants by first-class mail and request that the Defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local Rule 4.5. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

IT IS FURTHER ORDERED that Defendants are hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. Fed. R. Civ. P. 30(a). The Defendants shall ensure that the Plaintiff's deposition and any other depositions in the case are taken <u>within the 140-day discovery period</u> allowed by this court's local rules. Local Rule 26.1(d)(i).

In the event Defendants take the deposition of any other person, they are ordered to comply with the requirements of Federal Rule of Civil Procedure 30 as set forth herein. As the Plaintiff will likely not be in attendance for such a deposition, the Defendants shall notify Plaintiff of the deposition and advise him that he may serve on

AO 72A
(Rev. 8/82)

the Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. The Defendants shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

**INSTRUCTIONS TO PLAINTIFF**

IT IS FURTHER ORDERED that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or other document submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a). Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a caption or a certificate of service will be disregarded by the court and returned to the sender.

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26, et seq. Plaintiff does not need the permission of the court to begin discovery, and Plaintiff should begin discovery promptly and complete it within 140 days after the filing of the answer. Local Rule 26.1(d)(i).

AO 72A
(Rev. 8/82)

Interrogatories are a practical method of discovery for incarcerated persons. <u>See</u> Fed. R. Civ. P. 33. Interrogatories may be served only on a <u>party</u> to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not <u>named</u> as a Defendant. Interrogatories <u>shall not be filed with the court.</u> Local Rule 26.4. Interrogatories are not to contain more than twenty-five (25) questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorneys for the Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c); 37(a)(2); Local Rule 26.5. Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty ($.50) cents per page.

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local Rule 41.1.

It is the Plaintiff's duty to cooperate fully in any discovery which may be initiated by the Defendants. Upon no less than five (5) days notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or

8

giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is required to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the court.

## ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if you fail to respond to a motion to dismiss, the Court will assume that you do not oppose the Defendants' motion.

Your response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should the Defendants file a motion for summary judgment, you are advised that you will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations

AO 72A
(Rev. 8/82)

contained within the complaint. Should the Defendants' motion for summary judgment be supported by affidavit, you must file counter-affidavits if you desire to contest the Defendants' statement of the facts. Should you fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment will be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 31st day of January, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)